**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ViX SWIMWEAR, INC., | CASE NO. 14cv1113-GPC(NLS) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| SBC CLOTHING, INC., | [Dkt. No. 10.] |
| Defendant. | |

Before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55. (Dkt. No. 10.) No opposition has been filed. Based on the reasoning below, the Court DENIES Plaintiff's motion for default judgment.

**Background**

On May 1, 2014, Plaintiff ViX Swimwear, Inc. filed a complaint against Defendant SBC Clothing, Inc. (Dkt. No. 1.) An amended complaint was filed on October 3, 2014 alleging causes of action for breach of contract, account stated, reasonable value, open book account, and seeking declaratory relief. (Dkt. No. 3.) On November 4, 2014, Plaintiff filed a "Proof of Service by Mail" indicating that it mailed a copy of the summons, civil case cover sheet and complaint to Defendant. (Dkt. No. 4.) On November 18, 2014, Plaintiff filed a request for entry of Clerk's default. (Dkt. No. 5.) Default was entered on November 19, 2014. (Dkt. No. 6.) On January 9, 2015,

the Court issued a notice of hearing for dismissal for failing to move for default judgment pursuant to Local Civil Rule 55.1. (Dkt. No. 7.) On January 22, 2015, Plaintiff filed a response to the notice of hearing. (Dkt. No. 8.) After reviewing Plaintiff's response, the Court vacated the notice of hearing and granted Plaintiff leave to file a motion for default judgment. (Dkt. No. 9.) On January 30, 2015, Plaintiff filed a motion for default judgment against Defendant seeking judgment in the amount of $39,243.42 plus interest of $2,762.75, and a declaration of rights and obligations under the contract. Plaintiff further seeks an award of statutory attorneys' fees and costs after judgment is entered.

## Discussion

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Plaintiff filed a request for entry of default and default was entered on November 19, 2014. (Dkt. Nos. 5, 6.) After default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

The Ninth Circuit looks to seven factors to assist the court in determining whether default judgment is appropriate. The seven factors are:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of the plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and;
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977); see Fed. R. Civ. P. 8(b)(6). The decision to grant or deny default judgment is within the discretion of the district court. Eitel, 782 F.2d at 1471.

Additionally, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Therefore, "a court must also determine whether the service of process on the party against whom default judgment is requested is adequate." DFSB Kollective Co. v. Tran, No. 11–CV–01049–LHK, 2011 WL 6730678, at *6 (N.D. Cal. Dec. 21, 2011).

Here, Plaintiff filed a proof of service by mail on November 4, 2014. (Dkt. No. 4.) Plaintiff asserts that service was effectuated by mailing, through the U.S. post office, a copy of the summons, civil case cover sheet, and complaint to SBC Clothing, Inc.'s address in Oakville, Ontario, Canada, and also to the Ministry of the Attorney General at 720 Bay Street, 11th Floor, Toronto, Ontario, Canada. (Dkt. No. 4.) Plaintiff does not explain on the proof of service or in its motion for default judgment how service by regular international mail was proper under the Federal Rules of Civil Procedure or under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Therefore, the Court, *sua sponte*, conducts an analysis on whether service on Defendant was proper to determine if the Court has jurisdiction over Defendant to issue default judgment.

Rule 4 governs service of process in federal district court. Defendant SBC Clothing, Inc. is a foreign corporation organized under the laws of the State of Ontario in Canada. (Dkt. No. 3, Compl. ¶ 4.) Service upon corporations outside of the United States may be accomplished by any of the methods provided in Federal Rule of Civil Procedure 4(f). See Fed. R. Civ. P. 4(h).

**A.     Rule 4(f)(1)**

By mailing a copy of the complaint and summons to the Ministry of the Attorney General, it appears that Plaintiff was attempting to comply with the Hague Convention.

Rule 4(f)(1) authorizes service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The Hague Convention "regularized and liberalized service of process in international civil suits." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). The United States ratified the Hague Convention in 1965. Id. While the Hague Convention provides different methods of service, the Central Authority is the primary means to effect service. Id. The Convention requires each member country to designate a "Central Authority" to receive documents from another member country. Id.; Hague Convention, art. 2.

Canada is a signatory to the Hague Convention. See Straub v. AP Green, Inc., 38 F.3d 448 (9th Cir. 1994) (Canada became a signatory to the Hague Convention on May 1, 1989). Therefore, "compliance with the Convention is mandatory in all cases to which it applies." See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988).

As the district court in Universal Trading summarized:

> Service pursuant to the Hague Convention may be effected by forwarding the summons and complaint to the 'Central Authority' for the country in which service is to be made, along with a form Request For Service containing *inter alia*, a form Summary of the Documents to be Served. See Hague Convention arts. 2–5. Once the Central Authority has served a document, it is required to "complete a certificate" stating that "the document has been served and . . . the method, the place and the date of service and the person to whom the document was delivered." See id art. 6. The Hague Convention expressly provides that "[w]here a . . . summons . . . had to be transmitted abroad for the purpose of service, under the provisions of the [Hague] Convention, and the defendant has not appeared, judgment shall not be given unless it is established that ... the service or delivery was effected in sufficient time to enable the defendant to defend." See Hague Convention art. 15.

Universal Trading & Inv. Co. v. Kiritchenko, No. C-99-3073 MMC, 2007 WL 295548, at *2 (N.D. Cal. Jan. 30, 2007) (refusing to enter default judgment because the plaintiff had not provided adequate certification from the Central Authority of the Cayman Islands that service of process was accomplished).

There is nothing in the record showing that Plaintiff attempted service by forwarding a "Request for Service Abroad of Judicial or Extrajudicial Documents", which conforms to the model annexed to the Convention, to the Central Authority, or that Plaintiff received a certificate of service from the Central Authority confirming that the defendant has been served, or if not served, the reasons why it was not accomplished. See Hague Convention, arts. 3-6.

Moreover, it appears that Plaintiff mailed the summons and complaint to the incorrect address for the Central Authority. Plaintiff mailed the summons and complaint to the Ministry of the Attorney General at 720 Bay Street, 11th Floor, Toronto, Ontario, Canada. According to the Hague Convention website, the address for the Central Authority of the Ontario Province is Ministry of the Attorney General, Ontario Court of Justice, 393 Main Street, Haileybury, Ontario, Canada P0J 1K0, or at Ministry of the Attorney General, Central Authority for Ontario, 1201 Wilson Avenue, Building B, 5th floor Downsview, Ontario, Canada M3M 1J8. (See http://www.hcch.net/index_en.php?act=authorities.details&aid=248) The Request for Service may also be sent to the Federal Central Authority at Foreign Affairs and International Trade Canada Criminal, Security and Diplomatic Law Division (JLA), 125 Sussex Drive, Ottawa, Ontario, Canada K1A 0G2. (Id.) Once received, the Federal Central Authority will transmit the documents to the relevant provincial Central Authority. (Id.) By failing to comply with the procedural provisions of the Hague Convention, Defendant was not properly served under the Hague Convention.

Plaintiff also mailed by ordinary first-class international mail a copy of the summons, civil case cover sheet, and complaint to Defendant's address in Ontario, Canada. The Court looks to determine whether ordinary first-class international mail constitutes proper service.

In Brockmeyer, the Ninth Circuit had to determine whether ordinary international mail service was proper in the case before it. Brockmeyer, 383 F.3d at 798. In the case, the Court held that the Hague Convention does not prohibit service

of process by international mail so long as the receiving country does not object. Id. at 803. In analyzing Article 10(a)[1] of the Hague Convention, the Ninth Circuit explained that Article 10(a) does not itself affirmatively authorize international mail service since Article 10(a) only states that it will "not interfere." Therefore, the court must look outside the Hague Convention for affirmative authorization of the international mail service and it "must come from the law of the forum in which the suit is filed." Id. at 804. In line with that reasoning, in order for service by international mail be effective in federal court, "it must also be affirmatively authorized by some provision in federal law." Id. at 800. The Court now looks to see if Plaintiff complied with the provisions of Rule 4(f) where international mail is affirmatively authorized but only if certain conditions are met.

**B.    Rule 4(f)(2)(C)(ii)**

Affirmative authorization for service by international mail is found in Rule 4(f)(2)(C)(ii) which states that service may be effected by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii). Service under this option must be mailed by the clerk of court, and not by the plaintiff. Here, the record does not demonstrate that Plaintiff complied with Rule 4(f)(2)(C)(ii), and therefore, this provision does not apply.

**C.    Rule 4(f)(3)**

Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). A plaintiff "must obtain prior court approval for the alternative method of serving process." Brockmeyer, 383 F.3d at 806. Here, the record does not indicate that Plaintiff obtained prior court approval for an alternative method of service. Therefore, this provision is inapplicable.

/ / / /

---

[1] Article 10(a) provides, "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention, art. 10(a).

**D.     Rule 4(f)(2)(A)**

Lastly, Rule 4(f)(2)(A) allows service "in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A). However, the Ninth Circuit held that "Rule 4(f)(2)(A) does not authorize service of process by ordinary first class international mail." Id. at 808. Therefore, this Rule does not provide for service through international mail.

Based on the above, service was not properly made on Defendant, either through the Hague Convention or through Rule 4(f). Therefore, the Court lacks jurisdiction over Defendant.

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion for default judgment without prejudice. The Court strikes the Clerk's entry of default. Plaintiff shall properly serve Defendant within forty-five (45) days. The hearing set for February 27, 2015 shall be **vacated**.

IT IS SO ORDERED.

DATED: February 19, 2015

HON. GONZALO P. CURIEL
United States District Judge